AL:MSM/PTH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

17M09

– – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

ONEIL BRANFORD,

Defendant.

TO BE FILED UNDER
SEAL

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(18 U.S.C. §§ 922(g), 924(c)(1)(A)(i),
21 U.S.C. § 841(a)(1))

– – – – – – – – – – –X

EASTERN DISTRICT OF NEW YORK, SS:

      MICHAEL HEFFERNAN, being duly sworn, deposes and states that he is a

Special Agent with the Federal Bureau of Investigation, duly appointed according to law and

acting as such.

      On or about October 6, 2016, within the Eastern District of New York, the

defendant ONEIL BRANFORD, together with others, did knowingly and intentionally

possess with intent to distribute one or more controlled substances, which offense involved a

substance containing marijuana, a Schedule I controlled substance, in violation of Title 21,

United States Code, Section 841.

      (Title 21, United States Code, Sections 841(a)(1))

      On or about October 6, 2016, within the Eastern District of New York, the

defendant ONEIL BRANFORD, did knowingly and intentionally use, carry, and possess a

firearm during and in relation and in furtherance of a drug trafficking crime punishable under

the laws of the United States, to wit, the violation of Title 21, United States Code, Section

841(a)(1), referred to above.

2

(Title 18, United States Code, Section 924(c)(1)(A)(i))

On or about October 6, 2016, within the Eastern District of New York, the defendant ONEIL BRANFORD, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a 9 millimeter Ruger Model P89 semi-automatic pistol with serial number 313-22784, and ammunition, to wit: ten Speer Gold Dot 9 millimeter cartridges.

(Title 18, United States Code, Section 922(g))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI").   I have been a Special Agent for approximately nine years and am currently assigned to the Brooklyn/Queens Resident Agency, where I investigate gangs, narcotics trafficking, firearms trafficking, fraud and other offenses.   These investigations are conducted both overtly and covertly.   I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to further their objectives and to conceal their activities from detection by law enforcement authorities.

2.      I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

defendant's criminal history record; and from reports and testimony of other law enforcement officers involved in the investigation.

3.      On or about October 6, 2016, officers with the New York City Police Department ("NYPD") observed a gray Mercedes (the "Gray Mercedes") go through a steady red light in Brooklyn, New York.   The officers stopped the Gray Mercedes.   As the officers approached it, they observed a male driver (the "Driver"), a female in the front passenger seat (the "Passenger"), and the defendant, who one of the officers knew to be ONEIL BRANFORD, seated in the rear on the passenger side.   The defendant was the only person in the rear of the Gray Mercedes.

4.      In response to a request, the Driver was unable to produce a driver's license, registration or insurance card.   An officer also detected a strong odor of marijuana emanating from the Gray Mercedes.   One of the officers then instructed the occupants to step out of the Gray Mercedes.

5.      That same officer asked the defendant for identification.   The defendant provided the officer with an Ohio state driver's license bearing the defendant's picture but the name Kendall Jones.   The defendant, the Driver, and the Passenger were placed under arrest.

6.      Following the defendant's arrest, a second officer recovered a black, 9 millimeter, high-capacity magazine from the left pocket of the hoodie sweatshirt that the defendant was wearing.   The 9 millimeter magazine was loaded with twenty pieces of ammunition:   ten Speer Gold Dot 9 millimeter cartridges and ten Winchester Military Ammunition ("WMA") 9 millimeter cartridges.

4

7.      The NYPD officers then searched the car.   The officers found a backpack next to the rear passenger seat, where the defendant had been seated.   Inside the backpack were 29 bags of a substance that appeared to be marijuana.   The suspected marijuana was sent to the NYPD Laboratory for testing and tested positive for the presence of marijuana.

8.      The officers also found a tote bag in the back seat next to where the defendant had been seated on the left side of the defendant's seat.   Inside the tote bag, the officers found a 9 millimeter Ruger Model P89 semi-automatic pistol with serial number 313-22784 (the "9 millimeter Ruger").   At the time it was recovered, the 9 millimeter Ruger was not loaded and the magazine had been removed.

9.      The 9 millimeter Ruger and the magazine and the 9 millimeter ammunition recovered from the defendant were sent to the NYPD Laboratory's Firearms Analysis Section for testing.   A Firearms Analysis Section analyst successfully fired the 9 millimeter Ruger using the magazine recovered from the defendant.

10.     An interstate nexus expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives has determined that the 9 millimeter Ruger and the Speer ammunition were both manufactured outside the state of New York.   At this time, the interstate nexus expert was unable to make a determination about where the WMA ammunition had been manufactured.

11.     A review of a criminal history report for the defendant ONEIL BRANFORD reflects that, on March 21, 2005, the defendant was convicted of criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law section 265.02, an offense punishable by more than one-year imprisonment.

5

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued

for the defendant ONEIL BRANFORD so that he may be dealt with according to law.   Your

affiant further requests that this affidavit and any associated arrest warrant be filed under seal,

because public filing would give the target of this investigation an opportunity to flee, to

destroy evidence and to harm or threaten witnesses.

MICHAEL HEFFERNAN
Special Agent
Federal Bureau of Investigation

Sworn to before me this
_____ day of January

THE HONORABL
UNITED STATES
EASTERN DISTR